UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KEINDE SUTTON, | : | Case No. 3:11-cv-424 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| MICHAEL ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 14) AND AWARDING $3,394.73 IN FEES**

This case is a Social Security disability benefits appeal under which the Court remanded the case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 12).  Seeking to be compensated for the legal expenses incurred in obtaining the remand, Plaintiff has a Motion for Attorney Fees (Doc. 14) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Defendant, the Commissioner of Social Security ("Commissioner"), did not file any opposition to Plaintiff's Motion for Attorney Fees and the time for doing so has expired.  Plaintiff's Motion is now ripe.

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 29 U.S.C. § 2412(d)(2)(A).  In 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996.  The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment.

*Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).  Additionally, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court.  *Id.*  The 1996 EAJA language continues to provide for such an increase.  28 U.S.C. § 2412(d)(2)(A).

The Consumer Price Index ("CPI") is the best indicator for computing the increase in the cost of living.  The CPI All Items Index average was 155.7 in March 1996, when the statutory cap of $125.00 was set.  This Court recently concluded that an hourly rate of $182.50 falls within the EAJA's reasonable allowable fee.  *Smith v. Astrue*, No. 3:11–cv–221, 2012 WL 3731660 (S.D. Ohio Aug. 28, 2012).  Here, Plaintiff seeks an award of $3,394.73 for 19.25 compensable hours, resulting in an hourly fee of $176.35.  Such a rate falls within the EAJA's reasonable allowable fee, and therefore, under the facts of this case, an EAJA fee of $3,394.73 is appropriate.

Accordingly, Plaintiff's Motion (Docs. 14) is **GRANTED** and Plaintiff is **AWARDED** the sum of $3,394.73 in reasonable attorney fees.[1]

**IT IS SO ORDERED.**

Date:  December 11, 2012              *s/ Timothy S. Black*
                                       Timothy S. Black
                                       United States District Judge

---

[1] Any fees paid belong to Plaintiff and not his attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States.  *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).  However, if counsel for the parties can verify that Plaintiff does not owe any pre-existing debt subject to offset, Defendant has not opposed, and the Court permits, the request that the award be directed to Plaintiff's attorney.